**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JANICE SCHELL**<br>615 Lanai Court<br>Vista, CA 92081<br><br>*Plaintiff,*<br><br>*v.*<br><br>**UNITED STATES OF AMERICA**<br><br>Serve: Todd Blanche<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C, 20530<br><br>And<br><br>Serve: Jeanine Pirro<br>U.S. Attorney for the District of Columbia<br>601 D Street, NW<br>Washington, D.C. 20530<br><br>AND<br><br>**THE DISTRICT OF COLUMBIA**<br><br>Serve: Brian L. Schwalb, Attorney General<br>c/o Darlene Fields, Gale Rivers,<br>Tonia Robinson, Regina Brown, or<br>Marjorie Thomas<br>Office of the Attorney General for the<br>District of Columbia<br>400 6th Street, N.W.<br>Washington, D.C. 20001<br><br>And<br><br>Serve: Mayor Muriel Bowser<br>c/o Brian L. Schawlb, Darlene Fields,<br>Gale Rivers, Tonia Robinson,<br>Regina Brown, or Marjorie Thomas<br>Office of the Attorney General for the<br>District of Columbia | * * * * * * * * * * * * * * * * * * * * * * | Case No.: |

441 4th Street, N.W. *
6th Floor South
Washington, D.C. 20001 *

*Defendants*. *

* * * * * * * * * * *

**COMPLAINT**

COMES NOW, Plaintiff, Janice Schell, by and through her undersigned attorneys, and states for her cause of action as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an adult resident from the State of California.

2. Defendant United States of America, at all times relevant to this Complaint, by and through the National Park Service, its agents, or employees, was the owner, operator and maintainer of the sidewalks and walkways on the premises known as the National Mall in Washington, D.C., including the sidewalk located in between the George Mason Memorial (900 Ohio Drive SW) and the National Mall & Memorial Parks – Lot A (971 Ohio Drive SW), which is the subject location of Plaintiff's injury in the instant case, as set out below.

3. Defendant District of Columbia, at all times relevant to this Complaint, was the owner, operator, and maintainer of the public sidewalk located in between the George Mason Memorial (900 Ohio Drive SW) and the National Mall & Memorial Parks – Lot A (971 Ohio Drive SW), which is the subject location of Plaintiff's injury in the instant case, as set out below.

4. On May 20, 2025, within two years of the date of incident giving rise to this claim, Plaintiff submitted to Defendant United States of America a Claim for Injury Standard Form 95, specially alleging and claiming the facts contained herein.

5. The Standard Form 95 was received and acknowledged by Defendant United

States of America on June 3, 2025.

6. This Complaint is filed more than six months after Plaintiff filed the Standard Form 95 with Defendant United States of America, therefore constituting a timely filed complaint pursuant to 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675(a).

7. To date, Defendant United States of America has not provided any final determination or disposition of the claim for damages that was made on May 20, 2025. Accordingly, Plaintiff deems Defendant United States of America's failure to make a final disposition of the claim as a final denial of the claim as of today's date, such that this complaint is timely filed pursuant to 28 U.S.C. § 2675(a).

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2674, the Federal Tort Claims Act and 28 U.S.C. § 1346(b)(1).

9. Venue before this Court is proper under 28 U.S.C. §1402(b) as this case arises out of an incident that occurred in the District of Columbia.

10. Within six months of the incident, the Plaintiff issued a notice letter to the District of Columbia, thereby complying with D.C. Code § 12-309.

**FACTS AND ALLEGATIONS OF LIABILITY AND DAMAGES**

11. On or about October 22, 2023, Plaintiff was sightseeing with her family and was lawfully and properly walking on the public sidewalk located in between the George Mason Memorial (900 Ohio Drive SW) and the National Mall & Memorial Parks – Lot A (971 Ohio Drive SW), when, with all due regard for her own safety, her foot got caught on a dangerously uneven section of pavement, causing her to fall the ground and sustain injuries.

12. The location of the incident is depicted in photographs below, with a red circle indicating the location in the first photograph, and a measuring stick documenting the size of the

defect at the time of the incident in the second and third photographs:








13. The sudden and unmarked change in elevation at the sidewalk measured approximately two inches in height at the time of the incident.

14. The sudden and unmarked change in elevation at the sidewalk spanned approximately halfway across the entire width of the sidewalk at the time of the incident.

15. The sudden and unmarked two-inch change of elevation constituted a dangerous and defective condition.

16. The hazardous condition described herein constituted a substantial tripping hazard, particularly given its size, location, abrupt nature, lack of visual demarcation, and placement in the direct line of pedestrian travel.

17. The hazardous condition was further exacerbated by surrounding pavement of

similar color and texture, the absence of warning paint, striping, signage, or tactile indicators, and the presence of pedestrian distractions commonly associated with the National Mall, including foot traffic, crowd movement, and sightseeing activity between major memorials. These conditions rendered the dangerous defect a tripping hazard that was difficult to perceive by pedestrians on the sidewalk such as Plaintiff.

18. The sudden and unmarked change in elevation at the sidewalk existed for a substantial period of time, as evidenced by Google Street View images showing the defect apparent as far back as 2014.

19. By virtue of the location of the incident being on a prominent sidewalk between the parking lots and major memorials such as the George Mason Memorial, Thomas Jefferson Memorial, and on the walking path between the Martin Luther King, Jr. Memorial, the Korean War Veterans Memorial, and Franklin Delano Roosevelt Memorial, and receiving a consistent amount of pedestrian traffic, Defendants United States of America and/or the District of Columbia knew or should have known about the dangerous and defective condition that had existed for at least nine years.

20. Furthermore, on the day of the incident, the sudden and unmarked change in elevation at the sidewalk had the remnants of a deteriorated temporary asphalt patch. The presence of a deteriorated and incomplete temporary asphalt patch at the precise location of the incident indicates that Defendant United States of America and/or Defendant District of Columbia was aware of the existence of the dangerous sidewalk defect and had and attempted to perform a repair that was inadequate, negligently performed, or abandoned.

21. At all times relevant herein, Defendant United States of America and/or Defendant District of Columbia, by and through their agents or employees, owed a duty to

Plaintiff to exercise reasonable care and diligence to properly inspect, maintain, and repair the area where the incident occurred so as to reasonably prevent the development and presence of dangerous conditions such as the one indicated above which caused Plaintiff to fall. This included the duty to take all reasonable steps to inspect, discover, notice, remedy and/or warn against the presence of a dangerous condition in the sidewalk area, and to otherwise comply with all laws, rules, and regulations in the area then and there in effect.

22. The dangerous and defective condition on the sidewalk that caused Plaintiff's fall, as indicated above, was either created by Defendant United States of America and/or Defendant District of Columbia by and through their agents and employees, and/or the said condition developed and evolved over a significant period of time prior to Plaintiff's fall, such that Defendant United States of America and/or Defendant District of Columbia had actual and/or constructive notice of the dangerous condition prior to Plaintiff's fall.

23. Despite having actual and/or constructive notices of the dangerous condition, one or more of the Defendants, by and through their agents and employees, failed to discover, correct, remedy, repair, warn against and/or properly address the dangerous condition prior to Plaintiff's fall.

24. The actions and/or inactions of Defendant United States of America and/or the Defendant District of Columbia, by and through their agents and employees, as indicated above, violated the aforementioned duties of care, constituting negligence which was the direct and proximate cause of Plaintiff's fall.

25. To the extent that any of the actions and/or inactions of the Defendant United States of America and/or the Defendant District of Columbia violated statutes or regulations pertaining to the maintenance of safe walking surfaces, then one or more of the Defendants were

negligent *per se*.

26. At all times relevant hereto, Plaintiff acted with reasonable care and assumed no risk.

27. As a direct and proximate result of the negligence of the Defendant United States of America and/or the Defendant District of Columbia, as indicated above, Plaintiff suffered severe injuries with related damages and expenses, including, but not limited to a broken wrist and a dislocated ulna requiring surgical repair, physical therapy, and other rehabilitation. Moreover, Plaintiff's injuries resulted in severe pain, suffering, disability, impairment, medical bills, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant United States of America and Defendant District of Columbia, jointly and severally, in the amount of One Million Dollars ($1,000,000.00) plus interest and costs, and such other relief as the Court finds just and proper.

Respectfully Submitted,

/s/ Noah Trombly

Kenneth M. Trombly, #199547
Daniel S. Singer, #1011357
Noah S. Trombly, #1657567
Trombly and Singer, PLLC
1825 K Street, NW, Suite 1150
Washington, DC 20006
kmt@tromblylaw.com
dsinger@tromblylaw.com
ntrombly@tromblylaw.com
(202) 887-5000
*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff seeks a trial by jury on all issues.

/s/ Noah Trombly
Noah Trombly

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was delivered to the Court this 6th day of October, 2026 via ECF.

/s/ Noah Trombly
Noah Trombly